# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UGI SUNBURY, LLC, | No. 3:16-CV-00807 |
| Plaintiff. | (Judge Brann) |
| v. | |
| A PERMANENT EASEMENT FOR 0.0887 ACRES IN MONROE TOWNSHIP, SNYDER COUNTY, PENNSYLVANIA TAX PARCEL NO. 12-08-065, | |
| KATHY J. GARRISON, | |
| RICHARD LEE POETH, | |
| MONROE TOWNSHIP, | |
| SAMUEL A. ZIMMERMAN, | |
| and ALL UNKNOWN OWNERS, | |
| Defendants. | |

## MEMORANDUM OPINION

### APRIL 24, 2018

The above-captioned matter is scheduled for a bench trial in this Court beginning Monday, May 14, 2018. The parties have filed various motions in limine and have submitted briefing on those motions and other issues.

## UGI's Motion in Limine to Exclude the Testimony of Defendant's Expert Witness

UGI has moved to exclude the testimony of Defendant's expert witness pursuant to Federal Rule of Evidence 702, arguing that the expert's report is "riddled with errors of material fact" and is "not the product of reliable principles and methods."

This Court will deny UGI's motion. Both the Supreme Court of the United States and the United States Court of Appeals for the Third Circuit have expounded on Rule 702's "reliability" and "fit" requirements.[1] This Court, however, is granted wide discretion when deciding whether those requirements have been met.[2] Because the upcoming trial is a bench—not jury—trial, because there is a "strong preference for admission"[3] of expert testimony, and because this Court believes that "hearing the expert's testimony and assessing its flaws [is] an important part of assessing what conclusion [is] correct",[4] this Court will admit the testimony of Defendant's expert.[5] UGI may, of course, present its own expert and

---

[1] *See, e.g.*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-91 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 742-743 (3d Cir. 1994).

[2] *Kumho*, 526 U.S. at 152 ("a court of appeals is to apply an abuse-of-discretion standard when it reviews a trial court's decision to admit or exclude expert testimony").

[3] *Id.*

[4] *In re Paoli*, 35 F.3d at 547.

[5] UGI also argued that Defendant's expert report should be excluded because it was submitted slightly outside the timeframe set by this Court. That argument is likewise rejected.

may also vigorously cross examine Defendant's expert vis-à-vis any perceived flaws or inconsistencies in his methodology. This Court, as finder of fact, will carefully consider the soundness of both experts' reasoning and their opinions' factual basis, and will attentively evaluate the experts' credibility.

### Defendant's Motion in Limine to Exclude the Testimony of UGI's Expert Witness

Defendant has likewise moved to exclude the testimony of UGI's expert witness, also arguing that the expert's report contains legal and factual errors. For the reasons discussed above, that motion will be denied, but thorough cross-examination will be permitted.

### Defendant's Motion to Use Pennsylvania Law

Defendant has moved this Court to use Pennsylvania law when determining the amount of "just compensation" owed by UGI.

Judges in this District have previously concluded that federal—not state—law applies in condemnation actions brought pursuant to the Natural Gas Act.[6] Other courts have come to the opposition conclusion.[7] Recently, however, the

---

[6] *See, e.g.*, *Tennessee Gas Pipeline Company Co. v. Permanent Easement for 1.7320 Acres*, 2014 WL 690700 at *6-10 (M.D. Pa. February 24, 2014).

[7] *Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 962 F.2d 1192, 1195-99 (6th Cir. 1992).

Honorable A. Richard Caputo of this Court has certified this question for interlocutory appeal to the Third Circuit.[8]

Federal and Pennsylvania law both define "just compensation" as the difference between a property's pre-taking and post-taking value.[9] Pennsylvania eminent domain law, however, allows a condemnee to collect several forms of damages not available under federal law. In its Proposed Findings of Fact and Conclusions of Law, Defendant has signaled an intent to seek damages in the form of "professional fees," as provided for under Pennsylvania,[10] but not federal, law. As was discussed at the pretrial conference on April 13, 2018, however, Defendant has not pled those damages in its answer, and UGI argues that those damages should, therefore, not be recoverable.[11] This Court consequently ordered the parties to submit briefs on that issue, which are due on April 27, 2018.

In light of the pending resolution of this issue by the Third Circuit, a ruling on this motion will be stayed. If this Court, however, decides that unpled damages

---

[8] *Tennessee Gas Pipeline Company, L.L.C. v. Permanent Easement for 7.053 Acres*, 2017 WL 4954093 (M.D. Pa. November 1, 2017).

[9] *See United States v. 68.94 Acres of Land, More or Less, Situate in Kent County, State of Del.*, 918 F.2d 389, 393 n.3 (3d Cir. 1990); 26 Pa. C.S. § 702(a).

[10] *See, e.g.*, 26 Pa. C.S. § 710 (allowing condemnees to "be reimbursed in an amount up to $4,000 "as a payment toward reasonable expenses actually incurred for appraisal, attorney[,] and engineering fees").

[11] Defendant has also sought so-called "delay damages," which may be available under both federal and Pennsylvania law. *See Portland Natural Gas Transmission System v. 19.2 Acres of Land*, 195 F. Supp. 2d 312, 323 (D. Mass. 2002).

are unavailable to Defendant—an issue on which this Court currently expresses no opinion—this motion will be denied as moot.

### Defendant's Motion to Exclude UGI's Lay Witnesses

Defendant has moved to exclude UGI's lay witnesses on the basis of relevance. This motion will be denied, but Defendant may raise any pertinent relevancy objection at trial.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge